AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. **8:21MJ1926 JSS** |
| Yense Evalgelita;<br>Luis Angel Sanchez-Santana; and<br>Adolfo Jose Machado | ) ) ) ) ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **September 6, 2021** in the county of **Hillsborough** in the **Middle** District of **Tampa**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) | Conspiracy with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

**See affidavit attached**

☑ Continued on the attached sheet.

*Complainant's signature*

Mickey R. Miller, SA, HSI
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim. P. 4.1 and 4(d)

Date: 9/10/2021

*Judge's signature*

City and state: Tampa, FL

JULIE S. SNEED, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Mickey R. Miller, being duly sworn, depose and state:

### Introduction and Agent Background

1. I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations (HSI), and have been employed by the HSI since 2006. Since June of 2014, I have been assigned as a Special Agent to the Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") investigation being conducted by the Federal Bureau of Investigation (FBI), Drug Enforcement Administration (DEA), Immigration and Customs Enforcement, Homeland Security Investigations (HSI), the Coast Guard Investigative Service (CGIS), the United States Coast Guard (USCG), and state and local law enforcement agencies. Investigations initiated by Operation Panama Express are prosecuted in the Middle District of Florida (Tampa Division). Special Agents assigned to Operation Panama Express currently investigate cocaine smuggling organizations that are responsible for the transportation of cocaine through international waters of the Caribbean Sea and Pacific Ocean via maritime vessels to transshipment locations for later introduction and distribution into the United States.

### Statutory Authority

2. I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about September 6, 2021, while on board a vessel subject to the jurisdiction of the United States, the

defendants, Yense EVALGELITA, Luis Angel SANCHEZ-Santana, and Adolfo Jose MACHADO, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

3. The averments contained in this Affidavit are based on my personal knowledge and/or reliable information related to me by other law enforcement officers with whom I have worked on this investigation. Because of the limited purpose of this Affidavit, however, I have not included each and every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

### Probable Cause

4. The United States Coast Guard (USCG) has authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

5. On September 6, 2021, a marine patrol aircraft (MPA) detected a Go-Fast Vessel (GFV) visually in international waters of the Caribbean Sea, approximately 105 nautical miles north of Cabo de la Vela, Colombia. The U.S. Coast Guard Cutter TAMPA (TAMPA) diverted to intercept the GFV. The MPA

advised there were three persons on board with packages and fuel barrels visible on deck.

6. TAMPA launched its helicopter to reacquire the GFV after the MPA left the scene. The GFV was reacquired in the same area where the MPA left it. The TAMPA also launched its small boat to intercept the GFV.

7. The helicopter reported the vessel was jettisoning packages and tried to flee. The helicopter employed warning shots, which were ineffective, and then employed a second round of warning shots and the GFV became dead in the water.

8. The USCG boarding team on the TAMPA small boat conducted a right of approach and took positive control of the GFV. The GFV quickly took on water and cap sized. All three persons on board the GFV and two USCG boarding team members went in the water. The TAMPA's small vessel quickly took all five people on board TAMPA's small vessel. The GFV then fully sank.

9. The TAMPA small vessel pulled the three defendants out of the water: Yense EVALGELITA, Luis Angel SANCHEZ-Santana, and Adolfo Jose MACHADO. Yense EVALGELITA identified himself as the captain and claimed Dominican nationality for himself but made no claim of registry for the GFV, rendering it stateless.

10. The TAMPA small vessel also recovered ten (10) bales, containing two hundred and ninety (290) kilograms, suspected of being contraband from the debris field where the GFV had jettisoned the packages. The USCG conducted two Narcotics Identification Kit Tests on suspected contraband. The results of both tests

3

were positive for cocaine. The bales were weighed by members of the USCG and had an at sea weight of 290 kilograms.

11.    In my training and experience, the GFV is consistent in style, size, and propulsion to other such vessels frequently used to transport cocaine across international waters in the Caribbean Sea.

## CONCLUSION

12.    Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following three defendants named herein, Yense EVALGELITA, Luis Angel SANCHEZ-Santana, and Adolfo Jose MACHADO, while on board a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a

4

Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

Mickey R. Miller
Special Agent, HSI

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41 (d) (3), before me this __10__ day of September of 2021. ~~this ___10___ day of September 2021.~~

THE HONORABLE JULIE S. SNEED
United States Magistrate Judge

5